# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**STEVEN RIDDLE (# 47107)**                                              **PLAINTIFF**

v.                                                                    **No. 4:06CV143-M-B**

**CHRISTOPHER EPPS, ET AL.**                                          **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Steven Riddle, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit.[1] For the reasons set forth below, the instant case shall be dismissed.

### The Plaintiff's Claims

The plaintiff sets forth three claims, which will be discussed separately below. First, the plaintiff claims that in 1988 a prison guard retaliated against the plaintiff because he successfully prosecuted a prison grievance against the guard. Second, he claims that he was illegally prevented from attended federally funded education programs during his detention with the Mississippi Department of Corrections. Finally, the plaintiff claims that a prison guard confiscated his orthopedic shoes during his intake into the Mississippi Department of Corrections and never returned the shoes to him.

### The Incorrect Criminal History Entry

The plaintiff claims that an unnamed prison guard confiscated some of his money when he was being processed into the Mississippi Department of Corrections at the Rankin County

---

[1] The plaintiff was released from Mississippi Department of Corrections custody November 1, 2006.

facility in 1988. The plaintiff reported the incident, filed a grievance, and the prison guard was reprimanded. The plaintiff was released from prison in 1993. Nearly a decade later, on October 30, 2002, the plaintiff applied for an Ordinary Seaman's License from the Coast Guard in New Orleans. Approximately two or three months later (which would fall on January 30, 2003, at the latest) the plaintiff discovered that his criminal history report contained errors, including an incorrect entry stating that the plaintiff had been convicted of robbery. This discrepancy caused delays in the plaintiff's procurement of an Ordinary Seaman's License. The plaintiff placed phone calls to Office of the Commissioner of the Mississippi Department of Corrections, but no one ever told him where the charge originated or what he could do to get it corrected. The plaintiff was arrested February 2, 2005, and on that date saw his NCIC criminal history report. As he had been told in January 2003, the plaintiff saw that the report incorrectly attributed a robbery conviction to him. It took several federal suits to unearth and correct the error in the plaintiff's record. The arresting agency for the erroneously listed robbery conviction was the Rankin County Correctional Facility, and the case number was the plaintiff's Mississippi Department of Corrections inmate number.

From these facts, the plaintiff believes that the unnamed guard who was reprimanded for taking the plaintiff's money in 1988 placed the false entry into the plaintiff's criminal history report in retaliation for the plaintiff's prosecution of the grievance against him. The plaintiff alleged, "This was done out of malice somehow by the officer who stole my money." This claim shall be dismissed for failure to state a claim upon which relief could be granted. First, the statute of limitations had expired prior to the filing of this case, and, second, the plaintiff has only his unsubstantiated belief that the unnamed officer made the erroneous entry.

**Statute of Limitations**

A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). That moment for the plaintiff occurred when he discovered the erroneous entry in his criminal history report on January 30, 2003. The limitations period expired three years later on January 30, 2006. Under the "mailbox rule," a prisoner's federal complaint filed under 42 U.S.C. § 1983 is deemed filed when he delivers the petition to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998) (relying on *Houston v. Lack* and its progeny). Using the date the plaintiff signed the instant complaint, April 20, 2006, the instant complaint was filed eighty days after the limitations period expired. As such, this claim was untimely filed and shall be dismissed for that reason.

**Retaliation**

The court would be required to dismiss the plaintiff's retaliation claim even if he had filed his claim before the three-year limitations period expired. The elements of a claim under a retaliation theory are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act,

and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996). In this case, the plaintiff must prove that he engaged in constitutionally protected activity (filing a grievance), faced a consequence (placement of a false entry into his criminal history), and that such action was taken "in an effort to chill [his] access to the courts or to punish [him]for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994); *see also Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). The relevant showing in such cases must be more than the prisoner's "personal belief that he is the victim of retaliation." *Edwards*, 51 F.3d at 580. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

The plaintiff in this case has nothing more than his personal belief that the unnamed prison guard placed the entry. The facts giving rise to the retaliation claim occurred in 1988 – some eighteen years prior to the filing of this case. The plaintiff cannot identify the guard. No one has told the plaintiff that the unnamed guard made the erroneous entry. The plaintiff has no idea how a prison guard could make an entry into the National Crime Information Center (NCIC) database, even if he were so motivated. This entire claim arises out of the plaintiff's raw speculation about events occurring nearly two decades ago. Under the prevailing law, the plaintiff's retaliation claim must be dismissed for failure to state a constitutional claim.

### Denial of the "Right" to Participate in Federally Funded
### Prison Education Programs

The plaintiff alleges that defendant May Leflore denied him the "right" to participate in federally funded prison education programs. He later moved to dismiss this claim voluntarily because he indeed participated in the education programs at issue. As such, this claim shall be dismissed with prejudice.

### Discarding the Plaintiff's Orthopedic Shoes

The plaintiff alleges that upon his arrival at the Rankin County Correctional Facility on October 14, 2005, the prison guards lost or discarded his free world clothes, including his orthopedic shoes. He seeks $160.00 so that he may replace his orthopedic shoes. The plaintiff asserts a claim of negligence against the defendants in this case; he claims only that one of the defendants mislaid his belongings and cannot now return them to him. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). The Court in *Daniels* discussed the historical reason behind the Due Process Clause of the Fourteenth Amendment, its prohibition against *deliberate* decisions of government officials to deprive a person of life, liberty or property. *Daniels* at 331-32. "This history reflects the traditional and common-sense notion that the Due Process Clause, like its forbear in the Magna Carta, was 'intended to secure the individual from the arbitrary exercise of the powers of government.'"[2]

---

[1] *Id.*, citing *Hurtado v. California*, 110 U.S. 516, 527, 4 S.Ct. 111, 116, 28 L.Ed. 232 (1884) (quoting *Bank of Columbia v. Okely*, 4 Wheat. (17 U.S.) 235, 244, 4 L.Ed. 559 (1819)) (internal citations omitted). See also *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government . . . .")

The Court reasoned

> We think that the actions of prison custodians in leaving a pillow on the stairs, *or mislaying an inmate's property*, are quite remote from the concerns just discussed. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process law.
>
> . . .
>
> Where a government official's act causing injury to life, liberty, or property is merely negligent, no procedure or compensation is *constitutionally* required.

*Id.* (internal citations omitted) (emphasis added). The plaintiff's claim, read in a light most favorable to the plaintiff, sounds wholly in negligence. Thus, under the reasoning of *Daniels* and *Davidson, supra,* all of the plaintiff's claims should be dismissed with prejudice.

In sum, all of the plaintiff's claims shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of March, 2007.

      /s/ Michael P. Mills
      **UNITED STATES DISTRICT JUDGE**